1

2

3

4             **IN THE UNITED STATES DISTRICT COURT**

5          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7    MALIK JONES,                          No. CIV S-06-2732-FCD-CMK-P

8              Plaintiff,

9         vs.                              <u>ORDER</u>

10   C. STIEFERMAN, et al.,

11             Defendants.

12   _____/

13            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

14   to 42 U.S.C. § 1983.  On January 30, 2007, this court dismissed plaintiff's complaint, but granted

15   him 30 days to file an amended complaint.  On February 7, 2007, plaintiff filed a notice of facts,

16   but no amended complaint.  This court then issued an order to show cause on March 14, 2007

17   ordering that plaintiff shall show cause why he has failed to file an amended complaint.   In

18   response, plaintiff filed a Notice to the court and a request for appointment of counsel.  This

19   court then issued a second order to show cause for plaintiff's failure to file an amended

20   complaint, and denied his request for appointment of counsel.  Plaintiff then filed another request

21   for appointment of counsel and a request for an extension of time on April 27, 2007.  Plaintiff's

22   request for an extension of time was granted, the order to show cause discharged, and the request

23   for appointment of counsel was denied on May 8, 2007.   Plaintiff then had 30 days to file an

24   amended complaint, until June 9, 2007.  On July 9, 2007, plaintiff filed a document entitled

25   "Injunction A Temporary Restraining Order" (Doc. 16).

26            To the extent plaintiff has requested additional time to file an amended complaint,

                                          1

that request will be granted.  Plaintiff will have 30 days from the date of this order to file an amended complaint.  Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15, 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has also again requested appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances. Therefor, petitioner's request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's is granted a thirty day extension of time from the date this order is filed to file an amended complaint; and

2.  Plaintiff's request for appointment of counsel is denied.

DATED:  August 14, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

2