IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,                                           No. CIV S-06-2732-FCD-CMK-P

    Plaintiff,

  vs.                                                         ORDER

C. STIEFERMAN, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's notice to the court regarding the status of his inmate appeals (Doc. 21), filed on November 5, 2007, and another request for counsel (Doc. 22) filed on November 26, 2007.

        On January 30, 2007, this court dismissed plaintiff's complaint, but granted him 30 days to file an amended complaint.  Plaintiff has requested and been granted numerous extensions of time to file his amended complaint.  No amended complaint has yet been filed.

        Plaintiff has filed numerous requests for counsel, which have been denied because there are no exceptional circumstances in this case.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983

1

cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Plaintiff claims his disability requires appointment of counsel. However, being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel. Plaintiff has not demonstrated a likelihood of success on the merits, and his disability does not hinder his ability to articulate his claims pro se. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

      Plaintiff's filings appear to indicate that the reason he has not filed an amended complaint is that prison officials have confiscated his documents[1] and his inmate appeals have not been returned. However, these documents do not appear to be necessary for plaintiff to file an amended complaint. Plaintiff is required to file an amended complaint that contains a ". . . short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that his claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). The complaint must give the defendant fair notice of the claims and the grounds upon which the complaint rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

      In addition, to state a claim under 42 U.S.C. § 1983, plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

---

[1] Although it appears most of plaintiff's material has been returned.

1  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or
2  omits to perform an act which he is legally required to do that causes the deprivation of which
3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and
4  conclusory allegations concerning the involvement of official personnel in civil rights violations
5  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather,
6  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged
7  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

8             To the extent plaintiff has requested a copy of his original complaint, which has
9  been dismissed, the Clerk of the Court will be directed to provide plaintiff with a copy as a one
10 time courtesy.  The Clerk of the Court will also be directed to provide plaintiff with information
11 on how to obtain additional copies of documents filed with the Court if necessary.

12            To the extent plaintiff has requested additional time to file an amended complaint,
13 that request will also be granted.  Plaintiff will have an additional 60 days from the date of this
14 order to file an amended complaint.  However, plaintiff has already received numerous other
15 extensions of time to file his amended complaint.  Plaintiff is reminded that he has an affirmative
16 duty to prosecute this case in a timely manner.   Additional continuances will be denied absent a
17 showing of good cause.  Plaintiff is also reminded that the court cannot refer to a prior pleading
18 in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
19 amended complaint be complete in itself without reference to any prior pleading.  This is
20 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
21 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, as in an
22 original complaint, each claim and the involvement of each defendant must be sufficiently
23 alleged.

24            Finally, plaintiff is warned that failure to file an amended complaint within the
25 time provided in this order may be grounds for dismissal of this action.  See Ferdik v. Bonzelet,
26 963 F.2d 1258, 1260-61 (1992); see also Local Rule 11-110.  Plaintiff is also warned that a

complaint which fails to comply with Federal Rule of Civil Procedure 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel is denied;
2. Plaintiff's request for additional time is granted;
3. Plaintiff has 60 days from the date of this order to file his amended complaint;
4. The Clerk of the Court is directed to provide plaintiff with a copy of his original complaint, filed December 4, 2006, as a one time courtesy only; and
5. The Clerk of the Court is also directed to provide plaintiff information on how to obtain additional copies if necessary.

DATED: November 29, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4