1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MALIK JONES,                          No. CIV S-06-2732-FCD-CMK-P

12                  Plaintiff,

13          vs.                            <u>ORDER</u>

14   C. STIEFERMAN, et al.,

15                  Defendants.

16   _____/

17                  Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 28),

19   filed on February 1, 2008.  The court is required to screen complaints brought by prisoners

20   seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u>

21   28 U.S.C. § 1915A(a).

22                  Plaintiff's amended complaint alleges his Eighth and Fourteenth Amendment

23   rights have been violated.  Specifically he claims that defendants Shoemaker, Stieferman,

24   Holmes, and Casero were deliberately indifferent to his mental health needs and defendants

25   Stiles and Kelley have interfered with his mental health needs.  He alleges these defendants did

26   not abide by a medical report which indicated he required a single cell.  He alleges that

defendants Holmes, Stieferman, Hayward, Shoemaker, Stiles, Martel, Casero, Vance, Rosario, and Chastain retaliated against him by placing or keeping plaintiff in administrative segregation, and that defendants Rosario and Chastain retaliated against him by transferring him to a different institution.  He states defendants Rudolph and Goldman used or wrote false reports and documents against him, again in retaliation, and that defendant Rudolph used excessive force against him by pushing him off his crutches.   Plaintiff claims defendant Cambine gave him incorrect psychotropic medication.  He claims unnamed DOE defendants assaulted him in his cell and that defendant Sherven used excessive force by firing a block gun in the yard which hit plaintiff.  He alleges defendant Johnson then failed to treat his injuries.  He alleges defendant Churray has verbally harassed him and defendant Sunders put him on strip cell status.  Finally, he alleges defendants Kimbrell and Rianda refused to process his appeal and defendant Pliler failed to correct the behavior of her subordinates after being informed of the violations they were inflicting.

        In findings and recommendations issued concurrently with this order, the undersigned has found plaintiff has failed to state a claim as against defendants Cambine, Churray, Kimbrell and Rianda.  However, his first amended complaint, read liberally as the court must, appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), as against defendants Shoemaker, Stieferman, Holmes, Casero, Stiles, Kelly, Hayward, Martel, Vance, Rosario, Chastain, Rudolph, Goldman, Sherven, Johnson, Sunders and Pliler.[1]  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.

_____

        [1]     The court notes that, according to plaintiff's amended complaint, plaintiff claims arose between 1999 and 2001.  Therefore, it appears to the court that the statute of limitations may have run on plaintiff's claims.  However, because the statute of limitations is an affirmative defense, dismissal at this time is not appropriate.  See Wyatt v. Terhune, 315 F.3d 1108, 1117-18 (9th Cir. 2003).

1    Plaintiff's complaint also identifies several DOE defendants.  The court cannot

2  order service of process upon fictitious defendants.  Upon discovering the names of the

3  defendants, plaintiff must promptly file a motion for leave to amend, accompanied by a proposed

4  second amended complaint identifying the additional defendants.  Plaintiff is cautioned that

5  undue delay in discovering the defendants' names and seeking leave to amend may result in the

6  denial of leave to proceed against these defendants.

7    Plaintiff is informed that this action cannot proceed further until plaintiff complies

8  with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal

9  of the action.  See Local Rule 11-110.

10    Accordingly, IT IS HEREBY ORDERED that:

11    1.    The court authorizes service on the following defendant(s):

12        Shoemaker, Stieferman, Holmes, Casero, Stiles, Kelley, Hayward,

13        Martel, Vance, Rosario, Chastain, Rudolph, Goldman, Sherven,

14        Johnson, Sunders and Pliler.

15    2.    The Clerk of the Court shall send plaintiff one USM-285 form for each

16  defendant identified above, one summons, an instruction sheet, and a copy of the first amended

17  complaint filed February 1, 2008; and

18    3.    Within 30 days of the date of service of this order, plaintiff shall complete

19  the attached Notice of Submission of Documents and submit the following documents to the

20  court:

21        a.    The completed Notice of Submission of Documents;

22        b.    One completed summons;

23  / / /

24  / / /

25  / / /

26  / / /

3

c.      17 completed USM-285 form(s); and

d.      18 copies of the endorsed firs amended complaint filed February 1, 2008.

DATED:  June 17, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7      **IN THE UNITED STATES DISTRICT COURT**

8      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10     MALIK JONES,                                    No. CIV S-06-2732-FCD-CMK-P

11            Plaintiff,

12     vs.                                             <u>ORDER</u>

13     C. STIEFERMAN, et al.,

14            Defendants.

15

16     _____/

17                    <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

18            Plaintiff hereby submits the following documents in compliance with the court's

19     order:

20            <u>  1  </u>          completed summons form;

21            <u>       </u>          completed USM-285 form(s); and

22            <u>       </u>          copies of the first amended complaint filed on February 1, 2008.

23

24     DATED: _____          _____

25                                                     Plaintiff

26

                                          5