IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,   No. CIV S-06-2732-FCD-CMK-P

    Plaintiff,

  vs.   ORDER

C. STIEFERMAN, et al.,

    Defendants.

/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a subpoena and order to show cause (Doc. 42), filed on August 6, 2008.

       On June 18, 2008, the court determine service was appropriate for defendants Shoemaker, Stieferman, Holmes, Casero, Stiles, Kelley, Hayward, Martel, Vance, Rosario, Chastain, Rudolph, Goldman, Sherven, Johnson, Sunders and Pliler. Plaintiff was provided with the documents to complete in order for the United States Marshal to serve these defendants. Plaintiff was given 30 days to complete and submit these documents. Plaintiff was previously granted a 20-day extension of that deadline.

       Plaintiff is now requesting copies of his medical/mental health records and an order to show cause for access to the law library. In addition, plaintiff indicates he wants a transfer out of High Desert State Prison. The court will construe this request as a request for

additional time to complete the service documents. Plaintiff will have an additional 30 days to obtain the copies necessary for service of the defendants. Plaintiff is warned that failure to comply with the court's June 18, 2008 order within the time provided in this order may result in dismissal of this action for lack of prosecution and failure to comply with court orders and rules. See Local Rule 11-110.

        Plaintiff's request for copies of his medical/mental health records is premature. Plaintiff has already been informed that discovery has not commenced in this matter. Discovery will commence once the defendants have been served and appeared. The court has no need for the "evidence" plaintiff is attempting to provide the court at this time. He will have sufficient time to obtain the evidence he is requesting prior to trial. Finally, as for a transfer to a different prison, a prisoner has no due process right to remain in or be transferred to a prison of his choice. See Meachum v. Fano, 427 U.S. 215, 224-27 (1976). His request for a transfer will be denied.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Plaintiff's motion is construed as a motion for an extension of time;

        2.    Plaintiff's motion for an extension of time is granted;

        3.    Plaintiff shall complete and submit the documents necessary to serve the defendants in this matter within 30 days of the date of service of this order;

        4.    Plaintiff's request for copies of his medical/mental health records is denied; and

        5.    Plaintiff's request for a transfer is denied.

DATED: August 18, 2008

                                    */s/ Craig M. Kellison*
                              **CRAIG M. KELLISON**
                              UNITED STATES MAGISTRATE JUDGE