# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,

  vs.

C. STIEFERMAN, et al.,

    Defendants.

                            /

No. CIV S-06-2732-FCD-CMK-P

FINDINGS & RECOMMENDATIONS

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On June 18, 2008, plaintiff was directed to submit to the court the necessary documents for service of his complaint.  Plaintiff was warned that failure to submit the required documents may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  Even after receiving additional time to comply, plaintiff failed to submit the documents in a timely manner.

        On October 6, 2008, after still not receiving the service documents, the undersigned issued findings and recommendations recommending this action be dismissed for lack of prosecution and plaintiff's failure to comply with court rules and orders.  Plaintiff then filed objections to those findings and recommendations as well as a request for an extension of

1

time to submit the documents. Plaintiff indicated that he had tried to obtain the necessary copies of his complaint, but that he was having difficulty with prison officials in obtaining the copies. The undersigned vacated the findings and recommendations, and provided plaintiff additional time to obtain the necessary copies.

In addition, the undersigned issued an order requesting a response from the California Department of Corrections and Rehabilitation ("CDCR") as to why plaintiff was being denied the ability to obtain copies of his complaint. After not receiving a response, the undersigned issued an order, on December 24, 2008, for the CDCR to show cause in writing why the court should not impose sanctions for the failure to respond to the previous court order. The CDCR filed a response in writing to the order to show cause on February 20, 2009. In the response, the CDCR states that prison officials attempted to ascertain whether plaintiff was being denied access to the law library and photocopying services, but plaintiff refused to participate and refused to exit his cell. (See Response, Exhibit A, Declaration of Lt. Hitt (Doc. 63)). In addition, the prison officials reviewed the law library request forms, dating back to June 2007, and did not find any requests for copies or other library services submitted by plaintiff. (See id.) This response is sufficient to discharge the order to show cause.

Plaintiff has been provided sufficient opportunity to provide the court with the documents necessary for the United States Marshal to attempt service of his complaint. Plaintiff was warned that failure to submit the required documents may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. To date, plaintiff has not complied. The undersigned is satisfied that plaintiff's failure to provide the service documents to the court is the result of his own actions not due to interference by prison officials.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to submit service documents as directed, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that the order to show cause be discharged and this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 2, 2009

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE