IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,                                   No. CIV S-06-2732-FCD-CMK-P

    Plaintiff,

  vs.                                                ORDER

C. STIEFERMAN, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

        Pending before the court is attorney Ellen C. Dove's status report and request for additional time to review this case prior to accepting appointment of counsel.  Ms. Dove has indicated she has not had sufficient time to complete her review of the case and meet with Plaintiff.  She has requested an additional 90 days in order to finish her review of the case and make her decision.

        One June 18, 2008, the court authorized service of Plaintiff's amended complaint on several defendants.  Plaintiff was ordered to submit the required service documents within 30 days of the date of that order.  On July 14, 2008, Plaintiff filed a request for an additional 20 days

1

to comply with the court's order, which was granted.  Plaintiff was warned that failure to submit the service documents within the time provided may result in the dismissal of the action for lack of prosecution and failure to comply with court orders and rules.  See Local Rule 11-110.

On August 6, 2008, Plaintiff filed a new request, which was construed as another request for additional time to complete and submit the service documents, including the appropriate number of copies of his complaint, which was again granted.  On October 6, 2008, the undersigned issued findings and recommendations recommending this action be dismissed, without prejudice, for Plaintiff's lack of prosecution and failure to comply with court rules and orders, specifically those orders requiring Plaintiff to submit copies of his amended complaint for service.  Plaintiff filed objections to those findings and recommendations, and on November 10, 2008, submitted the USM-285 forms and one copy of his amended complaint.  As Plaintiff attempted to comply with the court's orders, and prosecute the case, on November 20, 2008, the undersigned issued an order vacating the findings and recommendations, and providing Plaintiff another opportunity to obtain the necessary copies of his amended complaint within 60 days.

Due to Plaintiff's allegations in his objections that he was having difficulties obtaining the necessary copies, by separate order the court requested the director of the California Department of Corrections and Rehabilitation (CDCR) to inform the court why Plaintiff was begin denied the ability to obtain copies of his amended complaint.   When no response was received, on December 24, 2008, the court issued an order to show cause, in writing, why sanctions should not be imposed for CDCR's failure to respond to the court's previous order.  On February 20, 2009, the CDCR responded to the court order, and informed the court that Plaintiff had been housed in the Administrative Segregation Unit since May 10, 2008, and had not requested access to the law library during that time.  In addition, prison staff attempted to interview Plaintiff pursuant to the court's order, and Plaintiff refused to talk to staff.

Based on the CDCR's representation and accompanying declaration indicating that Plaintiff had not complied with CDCR's requirements for requesting access to the law

library in order to make the appropriate copies of his complaint, the undersigned issued new findings and recommendations on March 2, 2009, recommending the dismissal of this action for Plaintiff's lack of prosecution and failure to comply with court rules and orders.  Plaintiff then filed objections to these findings and recommendation, a request to vacate the findings and recommendations, a request for additional time, and two copies of his amended compliant.  On April 24, 2009, the undersigned denied his request to vacate the findings and recommendations, but granted Plaintiff an additional 30 days in which to submit the remaining 16 copies of his amended complaint.  In addition, the court granted Plaintiff's request that the court inquire whether attorney Ellen C. Dove would be willing to accept appointment of counsel in this matter.

Attorney Dove filed a notice of conditional acceptance on May 8, 2009, but requested time to review the record and meet Plaintiff.  The court grated that request and administratively stayed this matter for 90 days.  Counsel is now requesting additional time to finish her review.

Prior to the court administratively staying this case, Plaintiff submitted additional copies of his complaint.  However, these copies were incomplete as they did not contain copies of the exhibits Plaintiff attached to his amended complaint (only one copy of the exhibits was included).  Accordingly, the court is still waiting complete copies of the amended complaint for service.  In addition, the March 2, 2009, findings and recommendations are still pending.

The court recognizes the burden on counsel to complete her review of this matter within the time frame provided.  The court also acknowledges her need to meet with Plaintiff prior to accepting appointment.  The court is likewise cognizant of the need to resolve this matter in an efficient manner.  Plaintiff has had almost a year and a half to obtain sufficient copies of his amended complaint for service, which thus far he has been unable to do.  Counsel can accept or deny appointment in this case at any time.  The court, however, finds it necessary to require Plaintiff to continue prosecuting this case while counsel decides how she will proceed.

/ / /

1 Plaintiff's amended complaint consists of approximately 26 pages plus 100 pages
2 of exhibits. It is possible that the length of his amended complaint plus the exhibits is
3 contributing to his difficulties in obtaining the necessary copies. The exhibits Plaintiff has
4 attached to his amended complaint are incorporated into his complaint and copies thereof are
5 necessary to complete service. Right now, the court has sufficient copies of his 26 page
6 complaint to issue a service order to the United States Marshal to serve the appropriate
7 defendants. The court does not have sufficient copies of the exhibits, and without those exhibits,
8 the court is unable to issue its service order. However, in order to facilitate the prosecution of
9 this case, the court will allow Plaintiff the option of refiling his amended complaint without all of
10 the exhibits, as a second amended complaint. If Plaintiff chooses to do so, he may simply take a
11 copy of his amended complaint without the exhibits, title it second amended complaint, and
12 submit it for filing with the Clerk of the Court. The court will not allow Plaintiff to add
13 additional claims or defendants to his complaint at this time. If Plaintiff chooses to refile his
14 amended complaint as a second amended complaint, and complaint submitted for filing is the
15 same as the current amended complaint of which the court has copies, the court will simply issue
16 a service order with the copies available. If Plaintiff finds the exhibits to his complaint are
17 necessary to state a claim, and his complaint is insufficient without the exhibits, he will be
18 required to submit the necessary copies of his exhibits within 30 days, or this action will be
19 dismissed.[1]

20 According, IT IS HEREBY ORDERED that:
21   1.   Counsel's request to continue the stay (Doc. 78) is denied;
22   2.   The administrative stay in this matter is lifted;
23   3.   Within 30 days of the date of this order, Plaintiff may file a second
24 amended complaint, without exhibits, as discussed above;

---

[1] As an alternative, if counsel decides not to accept appointment of counsel in this matter, she may be willing to assist Plaintiff in obtaining the necessary copies for service.

4

4. If Plaintiff determines the exhibits to his complaint are necessary, Plaintiff is required to submit an additional 17 copies of all exhibits within 30 days of the date of this order; and

5. At any time, attorney Ellen C. Dove may notify the court that she wishes to be appointed counsel in this matter.

DATED: November 4, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE