1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   MALIK JONES,                          No. CIV S-06-2732-FCD-CMK-P

10          Plaintiff,

11      vs.                               FINDINGS AND RECOMMENDATIONS

12  C. STIEFERMAN, et al.,

13          Defendants.

14  _____/

15          Plaintiff, a state prisoner proceeding with counsel, brings this civil rights action

16  pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint

17  (Doc. 84).

18          The court is required to screen complaints brought by prisoners seeking relief

19  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

20  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

21  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

22  from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

23  the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

24  of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

25  that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

26  1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See  Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

In an order issued concurrently herewith, the undersigned found Plaintiff's second amended complaint, read liberally, appears to state a cognizable claim against several defendants. However, as discussed below, plaintiff fails to state a cognizable claim against defendants Stieferman, Rudolph, Holmes, Ward, Chastain, and Pliler.  In addition defendants Cambine, Churray, Kimbrell and Rianda were previously dismissed from this action, and Plaintiff should not be allowed to reinstate this action against them.  Finally, Plaintiff is attempting to bring two new defendants, Harper and Burgett, into this action on new and unrelated claims.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's second amended complaint generally alleges that the defendants have acted with deliberate indifference to his mental health needs, retaliated against him, assaulted him, and harassed him.  In addition, Plaintiff claims he has been deprived of his wheelchair, and the warden refused to intervene in his mistreatment.  He also has named several individuals as defendants, but fails to make any allegations against them.

## II.  DISCUSSION

A.    FAILURE TO LINK

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

3   conclusory allegations concerning the involvement of official personnel in civil rights violations

4   are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

5   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

6   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

7           Here, Plaintiff names the following additional individuals as defendants:

8   Stieferman, Rudolph, Homes, Ward, and Chastain.  The undersigned found Plaintiff's first

9   amended complaint was sufficient to state a claim against several of these individuals, but

10  Plaintiff's second amended complaint, which supercedes the first, fails to allege any facts

11  regarding the individuals' role in his alleged constitutional deprivations.  There are no allegations

12  in his second amended complaints against these individuals.  The only place they are mentioned

13  is in the list of defendants, wherein Plaintiff identifies the defendants' and their respective

14  positions.

15          Often, especially when a prisoner is proceeding pro se, a plaintiff will be provided

16  an opportunity to cure such a defect.  However, Plaintiff is no longer proceeding pro se, and he

17  has been provided ample opportunity to file a sufficient complaint.  Therefore, the undersigned

18  recommends the dismissal of these individuals as defendants to this action, without further leave

19  to amend, and this action proceed on the second amended complaint as set forth in the

20  undersigned's screening order.

21          B.      SUPERVISOR LIABILITY

22          Supervisory personnel are generally not liable under § 1983 for the actions of their

23  employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

24  respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

25  violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

26  Supreme Court has rejected the notion that a supervisory defendant can be liable based on

3

knowledge and acquiescence in a subordinate's unconstitutional conduct because government

officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a

defendant holds a supervisory position, the causal link between such defendant and the claimed

constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

allegations concerning the involvement of supervisory personnel in civil rights violations are not

sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has

violated the constitution."  Iqbal, 129 S. Ct. at 1948.

Plaintiff names Warden Pliler as a defendant in this action based solely on the

allegation that she refused to intervene in his mistreatment.  As stated above, a supervisory

defendant can only be liable for his or her own conduct, not that of others.  Except for his

allegation that he attempted to communicate with Warden Pliler about his mistreatment, and

therefore she was presumably aware of it and failed to intervene, there are no allegations of any

affirmative conduct by Warden Pliler.  Plaintiff makes no allegation that Warden Pliler actively

participated in his alleged mistreatment.  Knowledge and acquiescence of mistreatment is

insufficient to impose liability on a supervisory defendant.  As discussed above, Plaintiff has

been provided sufficient opportunity to cure defects in his complaints, and therefore the

undersigned recommends that defendant Pliler be dismissed from this action, without leave to

amend, for failure to state a claim.

C.      SUPPLEMENTAL CLAIMS

Finally, Plaintiff's second amended complaint attempts to add new and unrelated

claims against new defendants.  Specifically, Plaintiff alleges defendants Harper and Burgett, in

October 2009, took his wheelchair away from him in disregard of his medical needs.

This action was originally filed in 2006.  These new allegations are from actions

1   occurring in 2009, almost three years after the case was originally filed.  An amended complaint

2   is a complaint in which the plaintiff sets forth allegations concerning events which took place

3   before the original pleading was filed.  In contrast, where a plaintiff sets forth allegations

4   concerning events which took place after the original pleading was filed, the plaintiff is

5   attempting to supplement his complaint.  See Cabrera v. City of Huntington Park, 159 F.3d 374,

6   382 (9th Cir. 1998).  Supplemental complaints are governed by Rule 15(d).  Rule 15(d) provides:

7   "On motion and reasonable notice, the court may, on just terms, permit a party to serve a

8   supplemental pleading setting out any transaction, occurrence, or event that happened after the

9   date of the pleading to be supplemented."  Fed. R. Civil Proc. 15(d).  "Rule 15(d) is intended to

10  give district courts broad discretion in allowing supplemental pleadings."  Keith v. Volpe, 858

11  F.2d 467, 473 (9th Cir. 1988).

12         Although new claims in a supplemental complaint do not necessarily need to arise

13  out of the same occurrence or transaction, there must be *some* relationship "between the newly

14  alleged matters and the subject of the original action."  Keith, 858 F.2d at 474.  Indeed, a

15  supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of

16  action.'" Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997)

17  (quoting Berssenbrugge v. Luce Mfg. Co., 30 F. Supp. 101, 102 (D. Mo. 1939)).  "The purpose

18  of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as

19  possible by allowing the addition of claims which arise after the initial pleadings are filed."

20  William Inglis & Sons Baking co. v. ITT Cont'l, 668 F.2d 1014, 1057(9th Cir. 1981) (citing

21  Case-Swayne Co. v. Sunkist Growers, Inc., 369 F.2d 449, 462 (9th Cir. 1966)).

22         Here, Plaintiff's claims against Harper and Burgett have no relation to his original

23  claims.  His original claims relate to his mental health, retaliation, and excessive force.  His

24  claims against Harper and Burgett have to do with their disregard of his physical medical needs,

25  specifically taking his wheelchair away.  There is no reason for these new claims to be included

26  in this case and including the new claims in this matter would not promote judicial economy.  If

1  plaintiff wishes to litigate any claims he may have against these individuals, he may file a

2  separate action.  However, he should not be allowed to include them in this action.  Therefore,

3  the undersigned recommends defendants Harper and Burgett be dismissed from this action, but

4  the claims against them be dismissed without prejudice.

5                                              **III.  CONCLUSION**

6              Based on the foregoing, the undersigned recommends that:

7              1.        Plaintiff not be permitted to reinstate his claims against defendants

8  Cambine, Churray, Kimbrell and Rianda who have previously been dismissed from this case;

9              2.        Defendants Stieferman, Rudolph, Homes, Ward, Chastain, and Plier, be

10 dismissed from this action, without leave to amend, for failure to state a claim;

11             3.         Harper and Burgett be dismissed from this action, but the claims against

12 them be dismissed without prejudice; and

13             4.        This action proceed as against the remaining defendants as set forth in the

14 undersigned's screening order.

15             These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

17 after being served with these findings and recommendations, any party may file written

18 objections with the court.  Responses to objections shall be filed within 14 days after service of

19 objections.  Failure to file objections within the specified time may waive the right to appeal.

20 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22  DATED:  June 22, 2010

23

24                                                  **CRAIG M. KELLISON**
                                                   UNITED STATES MAGISTRATE JUDGE
25

26