IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES, | No. CIV S-06-2732-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| C. STIEFERMAN, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding with counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss plaintiff complaint as untimely, filed beyond the statute of limitations (Doc. 104, 107). A telephonic hearing was held February 24, 2011, before the undersigned. Attorney Ellen Dove appeared for plaintiff; Deputy Attorney General Christopher Becker appeared for the moving defendants, Goldman and Sherven.

**I. BACKGROUND**

This action proceeds on plaintiff's amended complaint (Doc. 84) filed in December 2009. Plaintiff originally filed this action in December 2006. Following dismissal and filing of an amended complaint, for which service was authorized as to some of the named

1

defendants, plaintiff had difficulties obtaining appropriate copies for serving. After numerous delays, plaintiff filed a request that attorney Dove be appointed to represent him. The court denied plaintiff's request for appointment of counsel, but forwarded a copy of plaintiff's request to Ms. Dove. The court indicated that if Ms. Dove wished to represent plaintiff in this matter, either of them may renew the request for appointment of counsel. Counsel then filed the operative complaint in December 2009. Service of the complaint was authorized for several defendants; other defendants were dismissed from the action for failure to state a claim, having previously been dismissed, or not originally named. Following submission of service documents, the United States Marshal then attempted service. Service was accomplished as to defendants Goldman and Sherven; service was returned unexecuted as to defendants Casero, Hayward, Johnson, Kelley, Martel, Saunders, Stiles, Vance, Rosario, and Shoemaker. On October 21, 2010, the court issued an order directing plaintiff to promptly seek additional information sufficient to effect service on the unserved defendants. No additional service information for the unserved defendants has been received by the court.

## II.  DISCUSSION

Defendants Goldman and Sherven bring this motion to dismiss on the basis that plaintiff's claims are untimely.

**A.    Standards**

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

(2009).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). State tolling statutes also apply to § 1983 actions. See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)).

Before January 1, 2003, the statute of limitations for personal injury actions was one year. See Cal. Code Civ. Proc. § 340(3); see also Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott, 25 F.3d at 802, and applying the one-year limitation period specified in § 340(3)). The personal injury statute of limitation was extended by passage of California Code of Civil Procedure § 335.1 to two years, effective January 1, 2003. See Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1). The extension of this statute of limitations does not apply retroactively to claims which were already barred under the one-year limitation period specified in § 340(3), plus any statutory tolling, as of the effective date of January 1, 2003. See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Douglas Aircraft v. Cranston, 58 Cal.2d 462 (1962)). However, the extended statute of limitations period provided for in § 335.1 is applicable to claims which are not yet barred. See Lamke v. Sunstate Equip. Co., LLC, 387 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2004) (citing Douglas, 58 Cal.2d at 465).

At the time Elliott was decided – 1994 – California Code of Civil Procedure § 352(a)(3) provided tolling of the statute of limitations when the plaintiff is "[i]mprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for

///

1  life."[1]  That tolling, however, only applies if the disability of incarceration existed at the time the
2  claim accrued.  See Elliott, 25 F.3d at 802 (citing Cal. Code Civ. Proc. § 357).  Pre-conviction
3  incarceration qualifies.  See id.  By the time Fink was decided – 1999 – the California tolling
4  provision for the disability of incarceration had been amended.  Specifically, California Code of
5  Civil Procedure § 352.1, which became effective January 1, 1995,  provides prisoners with only
6  two years of tolling.  See Fink, 192 F.3d at 914.  Prior to the effective date of § 352.1, prisoners
7  enjoyed tolling for the entire time of sentences less than life.  See id.  The Ninth Circuit in Fink
8  concluded that § 352.1 applies retroactively.  See id. at 915.  Thus, for § 1983 claims which
9  accrued before January 1, 1995, the running of the statute of limitations is tolled for two years, or
10 until January 1, 1997, whichever is later.  See Fink, 192 F.3d at 916.

11          The applicable statute of limitations is further tolled while a prisoner completes
12 the exhaustion process mandated by the Prison Litigation Reform Act ("PLRA").  See Brown v.
13 Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005).  In Brown, the Ninth Circuit observed that "a
14 prisoner may *not* proceed to federal court while exhausting administrative remedies," and that
15 "awaiting the completion of a staff misconduct investigation could, absent some adjustment,
16 endanger the prisoner's ability to file his court complaint within the limitations period." Id. at
17 942.  The court added:

> We also note that, again like all the other circuits that have considered the question, "we refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances."

Id. at 943 n.18 (quoting Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002), Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002), Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001),

---

[1] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing Grasso v. McDonough Power Equipment, Inc., 70 Cal. Rptr. 458, 460-61 (Cal. Ct. App. 1968) (holding that a prisoner serving a life sentence is entitled to the benefit of tolling)), Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998).  Thus, the length of the sentence is irrelevant.

1  and Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam)).

2  In cases where the plaintiff alleges ongoing violations, claims outside the
3  limitations period which relate to claims within the limitations period may nonetheless be
4  actionable under the continuing violation doctrine. In an employment discrimination case, the
5  Supreme Court stated that "discrete discriminatory acts are not actionable if time barred, even
6  when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v.
7  Morgan, 536 U.S. 101, 113 (2002). However, where the plaintiff asserts claims resulting from an
8  alleged ongoing policy of discrimination, the continuing violation doctrine applies. See
9  Gutowsky v. County of Placer, 108 F.3d 256, 259-60 (9th Cir. 1997). In Gutowsky, the plaintiff
10 had alleged "that the widespread policy and practices of discrimination of which she complains
11 continued every day of her employment, including days that fall within the limitation period." Id.
12 at 260. Thus, there needs to be an allegation that the specific acts alleged are instances of some
13 broader policy. See id.; see also Cholla Ready Mix Co. v. Civish, 382 F.3d 969, 974-5 (9th Cir.
14 2004) (citing Morgan, 536 U.S. at 113-14).

15       **B.**    **Motion**

16 Defendants argue plaintiff's complaint is untimely and barred by the statute of
17 limitations. Plaintiff's complaint alleges mistreatment dating back to 2001, as to defendant
18 Sherven, and 2001 or 2002 as to defendant Goldman. Defendants acknowledge plaintiff had four
19 years to file his complaint, but submit that the time for plaintiff to have done so expired in 2005,
20 or at best March 2006. Plaintiff failed to file his complaint until December 2006, well beyond
21 the statute of limitations.

22 In opposition, plaintiff argues he has been subject to abuse at the hands of prison
23 guards on multiple occasions, several of whom are defendants to this action but whom he has not
24 been able to successfully serve. He argues that because not all of the defendants are before the
25 court, the "greater picture [is] being obscured." He therefore requests the court withhold ruling
26 on the motion until all of the defendants are before the court. He claims to be the victim of

1   numerous retaliatory acts and abuse, which continues to occur.

2               Plaintiff also argues in his opposition to the motion, that he is the victim of a
3   conspiracy among the prison guards to violate his civil rights.  He claims the statue of limitations
4   for fraud is three years from the date of discovery and that conspiracy to commit fraud begins to
5   run at the time of the last overt act.  He further argues he was denied equal protection when
6   subjected to disparate treatment and racial discrimination, including retaliation; the retaliation is
7   alleged to be part of the overall fraud and hidden conspiracy against him.

8               In addition to the tolling set forth above, plaintiff also asserts he is entitled to
9   other tolling, such as that provided in California Government Code § 945.6, which he claims
10  extends tolling until he has been released from prison, or California Government Code § 911.6,
11  due to physical or mental incapacity.  He further submits, in his supplemental points and
12  authorities, that his claims are subject to delayed accrual.  He asserts that he "was in no position
13  to conduct any type of investigation into the behavior [of the defendants] outside his perception
14  and the motivation of the guards."  He therefore had no practical way of discovering the
15  conspiracy.  Finally, he argues he is entitled to equitable tolling, but the basis for the equitable
16  tolling is unclear.  He seems to assert that he is entitled to tolling while he exhausted his
17  administrative remedies, but fails to provide any specifics as to when this tolling applies.

18              In reply, defendants assert that plaintiff's opposition is baseless because he does
19  not assert claims for fraud or conspiracy in his complaint, and the Government Code sections are
20  inapplicable.  Defendants cite authority that the statute of limitations for commencing a
21  government tort claim is not tolled due to incarceration (Gov. Code § 945.6).  In addition, the
22  other code sections cited are inapplicable because they address the California Victim
23  Compensation and Government Claims Board, not civil lawsuits, and plaintiff fails to indicate
24  how he was incapacitated.  They argue that plaintiff further failed to explain his accrual or
25  equitable tolling arguments, and how they apply to this action.

26  / / /

1      **C.     Analysis**

2      The amended complaint (Doc. 84), filed by counsel, purports to raise Fifth and

3 Eighth Amendment claims.  Plaintiff's factual allegations include mistreatment dating back to

4 2001[2], including threats of double celling based on his psychological issues and need of a single

5 cell, placement in the secured housing unit, forced psychotropic medication against his will, an

6 attack involving physical assault & sodomy with a foreign metal object lodged in his rectal

7 cavity, resulting "ongoing retaliation and deliberate indifference treatment," including falsified

8 reports, placement on strip cell status, transfer to Pelican Bay, reckless firing of a shotgun, failure

9 to treat medical injuries, and deprivation of use of his wheelchair.  He also alleges that he

10 suffered previous assaults in 2006 and 2007, and threats of taking his wheelchair based on 602s

11 he filed in 2009.

12      Plaintiff's specific factual allegations against the moving defendants are:

13      On June 23, 2001 Defendant Shervin started firing a
shotgun recklessly toward several prisoners, including Plaintiff and
14      in retaliation as had become customary behavior toward Plaintiff.
One shot fired by Defendant Shervin almost hit Plaintiff and
15      Plaintiff fell in an attempt to cover."  (Am. Compl. at 8).

16      On August 27, 2001 Defendant S. Goldman interviewed
Plaintiff and created documents to fabricate and eradicate
17      Plaintiff's prior 602 complaints.
      With awareness of Defendant Goldman's attempts to aid
18      and abet the prior Defendants' violent attacks and abuse toward
Plaintiff, Plaintiff attempted several times to communicate with
19      Defendants C.K. Pliler and Defendant Linda L. Rianda to intervene
and reconcile the truth of these events.  (Am. Compl. at 8).

20

21      The "causes of action" listed in the amended complaint address abuse in the form

22 of excessive force and sadistic violence (Eighth Amendment); and state law claims of threats and

23 violence, intentional infliction of emotional distress, and assault and battery.

24 _____

25      [2]     Most of the dates in the complaint are from 2001.  In some paragraphs, counsel
lists a date of 2009, which appears to be typographical errors based on the substance of the facts
26 alleged.

8

As set forth above, plaintiff is entitled to a four year statute of limitations period due to his incarceration. Plaintiff alleges in his amended complaint that the defendants violated his constitutional rights in June/August 2001. Plaintiff makes some argument as to tolling, but none of the tolling arguments are applicable based on the information before the court. As plaintiff did not file this action until December 2006, the statute of limitations on his claims against the two moving defendants has expired, and his claims are untimely.

To the extent plaintiff argues the application of the continuing violation doctrine, he fails to support that argument either in his complaint or in his opposition to the motion. There is nothing in his complaint indicating that either of these defendants continued in retaliation beyond the single act plaintiff complains of in his complaint. Counsel confirmed at the hearing that there is no known incident involving either of these two defendants which occurred within the limitations period. Indeed, there are no acts alleged in the complaint occurring during the intervening years in order to provide plaintiff with the benefit of the continuing violation doctrine. As there are no further acts known which could bring the claims within the limitations period based on the continuing violation doctrine, there is no basis for leave to amend.

Thus, the undersigned finds plaintiff's claims against defendants Goldman and Sherven to be untimely, and will recommend that the motion to dismiss be granted.

### III.  UNSERVED DEFENDANTS

As set forth above, service directed to defendants Casero, Hayward, Johnson, Kelley, Martel, Saunders, Stiles, Vance, Rosario, and Shoemaker was returned unexecuted. On October 21, 2010, plaintiff was ordered to provide information sufficient to serve any unserved defendants. No additional information regarding service information for these defendants has been submitted. At the February 24, 2011, hearing, counsel indicated on the record that no information has been obtained nor does she have the means to obtain further information as to the remaining defendants.

/ / /

Federal Rule of Civil Procedure 4(m) provides, in part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service may be made within a specified time." Here, plaintiff's original complaint was filed December 4, 2006; the operative complaint was filed December 3, 2009. Plaintiff was ordered to provide additional information on the unserved defendants on October 21, 2010. Utilizing any of these dates, more than 120 days have passed, and there remains several unserved defendants.

While plaintiff requests the court wait to rule on the motion to dismiss until more of the defendants are before the court, the undersigned finds no reason to wait as no information sufficient to effect service is likely to be forthcoming. In addition, it appears, based on the facts alleged in the complaint, that all of plaintiff's claims are untimely and barred by the statute of limitations. Plaintiff has failed to provide the court with any indication that additional information will be submitted in order to serve the remaining defendants. Thus, the undersigned finds it appropriate to dismiss the remaining defendants for failure to effect timely service.

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants Goldman and Sherven's motion to dismiss (Docs. 104, 107) be granted without leave to amend;

2. Defendants Goldman and Sherven be dismissed from this action, with prejudice;

3. The remaining defendants be dismissed from this action, without prejudice, for failure to effect timely service; and

4. Judgment be entered and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written

1  objections with the court.  Responses to objections shall be filed within 14 days after service of
2  objections.  Failure to file objections within the specified time may waive the right to appeal.
3  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   DATED:  February 25, 2011

  *[signature]*
7  **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE